| | |
|---|---|
| BRIAN T. FISCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-cv-1476-AGF |
| | ) |
| JEFFERSON COUNTY MISSOURI | ) |
| CHILDRENS DIVISION, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of *pro se* plaintiff Brian T. Fischer for leave to proceed *in forma pauperis* in this civil action. Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. The motion will therefore be granted. In addition, the Court will dismiss the complaint, without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Jefferson County Missouri Children's Division, Investigators Kelly Hodge and Linda Unknown, and the Honorable Shannon Dougherty, an Associate Circuit Judge in the 23rd Judicial Circuit Court.

Plaintiff's allegations are long and rambling. However, it is clear that his claims focus on the state's removal of children from his custody. Among other things, plaintiff alleges that Hodge testified via deposition as to the condition of a home without conducting research, an investigation, or interviews; seized children from school without a valid reason; refused to speak to plaintiff or accept his phone calls; called the children's mother and removed the children from her residence; stated she tried to call plaintiff when she really had not; and made false statements

about various topics including the condition of a home. Plaintiff also alleges that one of his children is living with a caregiver who supports transgender identity, and Linda Unknown refused to drug test or treat one child even though plaintiff had reported stealing and alcohol and drug activity. Plaintiff also alleges that Judge Dougherty denied his request for counsel, ordered him to undergo and pay for random drug testing, failed to consider or admit certain evidence, and refused to treat a child's issues. For his prayer for relief, plaintiff writes:

> Emergency Protective Order/Injunction of Federal court on this case.
> Declaratory Relief: Proper Procedure
> Declaratory Relief: Substantive Rights
> Declaratory Relief: Equal Protection

(Docket No. 1 at 4). He also seeks $5.7 million in compensation, which he asserts is for lost wages, defamation of character, violations of 1st, 4th, 5th, 9th, and 14th amendment rights, state and federal law negligence, abuse of judicial power, false imprisonment, child trafficking, kidnapping, violation of Missouri constitution section 15, trauma inflicted on his children, and therapy and counseling.

## Discussion

The complaint alleges various forms of wrongdoing in conjunction with plaintiff's state court child custody proceedings. In addition to monetary damages, plaintiff appears to seek equitable relief in the form of this Court's intervention in those proceedings. This case is therefore subject to dismissal pursuant to the domestic relations exception to federal jurisdiction. "The domestic relations exception, first articulated in *Barber v. Barber*, 62 U.S. 582, 584 (1858), divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." *Khan v. Khan*, 21 F.3d 859, 861 (8th Cir. 1994) (internal citation amended). Even "when a cause of action closely relates to but does not

3

precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." *Id*. This Court cannot change state custodial determinations. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (holding that questions concerning child custody are left entirely to state courts to answer). Finally, while plaintiff seeks "Declaratory Relief: Equal Protection" (ECF. No. 1 at 4), he alleges no facts tending to establish an equal protection claim.

To the extent plaintiff can be understood to allege anything other than described above, the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Defendant Jefferson County Missouri Children's Division is a state entity, and as such it is not a "person" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Also, plaintiff merely listed Jefferson County Missouri Children's Division as a defendant without alleging any specific act or wrongful conduct on its part. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* § 1983 complaint against a defendant that was merely listed in the caption and there were no allegations of constitutional harm against it).

To the extent plaintiff can be understood to allege that Kelly Hodge and Linda Unknown are employees of a division of the Missouri Department of Social Services, his claims against them are subject to dismissal because he fails to specify the capacity in which they are sued. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). The Court must therefore construe the complaint as against the governmental entity that employs these individuals, which in this case is the State of Missouri. *See Will*, 491 U.S. at

4

71 (naming an official in her official capacity is the equivalent of naming the entity that employs her, and "neither a State nor its officials acting in their official capacity are 'persons' under § 1983"). To the extent plaintiff can be understood to allege that Kelly Hodge and Linda Unknown are anything other than state employees, his claims against them are subject to dismissal because he fails to allege with sufficient specificity that they are state actors. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (holding that to determine whether a defendant is subject to suit under § 1983, "[t]he ultimate issue" is whether that defendant's "alleged infringement of federal rights . . . can fairly be seen as state action," and if the defendant is not a "state actor," then § 1983 provides no means for relief).

Finally, plaintiff's claims against Judge Dougherty are subject to dismissal based on judicial immunity, which grants judges absolute immunity from civil lawsuits based on alleged judicial misconduct, subject to two exceptions: (1) when a judge does not act within her judicial capacity or (2) when a judge takes judicial action in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in [her] judicial capacity." *Id*. at 12. Here, all of Judge Dougherty's allegedly unlawful actions were judicial in nature. Further, Judge Dougherty, acting as an associate circuit judge in the 23rd Judicial Circuit Court took judicial action pursuant to that court's jurisdiction granted to it by the Missouri Constitution. *See* Mo. Const. art V, § 17. Because the complaint challenges actions performed by Judge Dougherty acted within her judicial capacity and within her court's proper jurisdiction, she is absolutely immune from civil suit as to plaintiff's claims against her.

5

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (ECF No. 2) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 29th day of June, 2017.

                                                */s/ Audrey G. Fleissig*
                                                AUDREY G. FLEISSIG
                                                UNITED STATES DISTRICT JUDGE